*77 OPINION.
Littleton :
We are of the opinion that the position of the petitioner in this proceeding is correct and that it is entitled to have its invested capital for the fiscal years 1919 and 1920 recomputed upon the basis of a depreciation reserve of $88,528.47 at August 31, 1918. The Board’s decisions in the Appeals of Rub-No-More Co., 1 B. T. A. 228; Cleveland Home Brewing Co., 1 B. T. A. 87; Russell Milling Co., 1 B. T. A. 194, and other decisions of the Board holding that, under certain circumstances, the depreciation charged by the petitioner upon its books in prior years should, not be disturbed, have no application to the question here presented, for the reason that the petitioner wrote off no depreciation in the prior years nor did it undertake to set up an accurate depreciation reserve. Unfortunately, it designated its profit and loss, surplus and depreciation account as a “ Reserve for Depreciation,” and, as the Commissioner in article 844 of his Regulations 45 has said, “ If any reserves for depreciation or for depletion are included in the surplus account it should be *78 analyzed so as to separate such reserves and leave only real surplus.” Petitioner’s books were admittedly inaccurately kept and did not truly reflect surplus or sustained depreciation. The revenue agent and the Commissioner admitted this fact, but they take the position that the petitioner did not convince them that the depreciation reserve of $156,835.61 determined by the revenue agent was not correct. The evidence submitted by petitioner convinces us of this fact. The petitioner has used a fair and reasonable method to determine depreciation reserve. It has used the rates adopted by the Commissioner, and we are convinced from the evidence that petitioner’s determination of the additions and replacements made over the period of years was sufficiently accurate to be entirely fair to itself and to the Government, and we approve it. On the other hand, the determination of the revenue agent, which was approved by the Commissioner, was purely arbitrary throughout and resulted in an erroneous determination of the petitioner’s invested capital for the taxable years. The revenue agent might just as well have started with the “ (Reserve for Depreciation ” shown on the books at the end of the fiscal year 1910, which was zero, instead of the $72,000 shown in that account at the beginning of that year; or he might have taken the balance shown in that account at any other date, which would have produced a different result from that arrived at by him.

Judgment will be entered for the petitioner upon the issues raised on 15 days' notice, under Rule 50.